UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| REY L. AUGUSTINE, JR., ) <br>           Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICOPEE, ) <br> OFFICER TIMOTHY BRODEUR ) <br> OFFIICALLY & INDIVIDUALLY, ) <br> OFFICER MICKEY DUMAIS ) <br> OFFICIALLY & INDIVIDUALLY, ) <br> OFFICER JOSEPH BRUNELL ) <br> OFFICIALLY & INDIVIDUALLY, ) <br> OFFICER FRANK MCQUAID ) <br> OFFICIALLY & INDIVIDUALLY, ) <br> POLICE CHIEF WILLIAM JEBB ) <br> OFFICIALLY & INDIVIDUALLY, ) <br> JOHN/JANE DOES 1-10 ) <br> OFFICIALLY & INDIVIDUALLY, ) <br>           Defendants, ) <br> ) | COMPLAINT AND DEMAND <br> FOR JURY TRIAL |

Now comes the Plaintiff, Rey L. Augustine, Jr, and does hereby bring the following

Complaint in the above-referenced matter. Plaintiff hereby requests a jury trial on this matter.

## INTRODUCTION

1. This is an action brought pursuant to 42 U.S.C., §1983, arising out of an incident of

police brutality in which the plaintiff, Rey L. Augustine, Jr was unjustifiably physically

beaten by members of the Chicopee Police Department, including but not limited to

Defendants Chicopee Police Officer Timothy Brodeur, Officer Mickey Dumais, Officer

Frank McQuaid, and Officer Joseph Brunell. The brutal beating resulted severe physical

injuries including a skull fracture and requiring additional medical treatment in the future, as well as extreme mental anguish to Rey L. Augustine, Jr. The Defendants City of Chicopee and Police Chief William Jebb are jointly and severally liable for violation the plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and under the Constitution of the Commonwealth of Massachusetts, and for all injuries he sustained as a result of the constitutional violations. Defendants John and Jane Does, No. 1-10 are unidentified Chicopee Police Officers who were involved in the beating and conspiracy to cover up thereafter. The acts of Defendants Officer Brodeur, Officer Dumais, Officer McQuaid, and Officer Brunell were so flagrant and widespread prior to the events with Rey L. Augustine, Jr., the municipality had actual knowledge of their illegal practices and customs, and chose with deliberate, reckless, and callous indifference to stop their illegal practices as to depriving others of their guarantee to these constitutional rights.

JURISDICITON AND VENUE

2. Jurisdiction over this action rests in this Court pursuant to 28 U.S.C., §1331 which gives this Court jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Venue in this Court is proper because the illegal acts complained of herein occurred in the City of Chicopee, Hampden County, Massachusetts.

PARTIES

4. The Plaintiff, Rey L. Augustine, Jr., is a resident of Chicopee, Massachusetts. Plaintiff is a United States citizen.

5.  At all relevant times to this Complaint, Timothy Brodeur, Mickey Dumais, Frank McQuaid, and Joseph Brunell were sworn members of the City of Chicopee Police Department. Each of the foregoing defendants is being sued in his individual and official capacity. At all relevant times to this Complaint, Defendants Brodeur, Dumais, McQuaid, and Brunell were acting under color of state law.

6.  At all relevant times in this Complaint, John and Jane Does, No. 1-10 were unidentified sworn members of the City of Chicopee Police Department. Each of the foregoing defendants is being used in his or her individual and official capacity. At all relevant times to this Complaint, Defendants Does, No. 1-10 were acting under color of state law.

7.  At all times relevant to this Complaint, William Jebb was the Police Chief of the Chicopee Police Department. In that position, he was responsible for ensuring that the officers on the police force were properly supervised and trained to interact with members of the public, without violating their rights under the constitutions of the United States and the Commonwealth of Massachusetts, and for preventing and eliminating all policies and practices that encourage or allow police officers to violate the constitutional rights of members of the public with whom they interact. Defendant Jebb is being sued in his individual and official capacity. At all times relevant to this Complaint, Defendant Jebb was acting under color of state law.

8.  Defendant City of Chicopee is a municipal corporation located in Hampden County, Massachusetts. At all relevant times to this Complaint, the City of Chicopee was the public employer of Defendant Jebb and the police defendants. The City of Chicopee is responsible for the proper functioning of the police department and for ensuring that all officers on the police department are properly supervised and trained to interact with

members of the public without violating their rights under the constitution of the United States and the Commonwealth of Massachusetts. It is also responsible for preventing and eliminating all policies and practices that allow or encourage police officers to violate the constitutional rights of members of the public with whom they interact.

### FACTS

9. In 2017, Rey L. Augustine, Sr. and his son, Plaintiff, resided at 735 Memorial Drive, Lot #28, Harmony Homes in Chicopee, Massachusetts.

10. That same year, Mr. Augustine, Sr. was diagnosed with Cancer.

11. Mr. Augustine, Sr. had surgery in August of 2017 because of the diagnosis.

12. To better care for him after the surgery, Mr. Augustine, Sr. moved back in with Beruta Augustine, at 32 Lee Road, South Deerfield.

13. As a result, Plaintiff was living alone at 735 Memorial Drive, Lot #28.

14. On or about November 16, 2017, Plaintiff went down the street to the Hu Ke Lau which was located at 705 Memorial Drive in Chicopee.

15. While at the Hu Ke Lau, Plaintiff was involved in a physical altercation with two patrons, William Hose and Michael MacKay.

16. Mr. Hose forcibly pulled the Plaintiff by the jacket causing him to fall onto the floor.

17. Once Plaintiff returned to his feet, Mr. MacKay struck Mr. Augustine.

18. After the altercation, employees at the Hu Ke Lau called the Chicopee Police Department to request assistance for a disturbance.

19. Defendants Brunell, McQuaid, Dumais, and Brodeur of the Chicopee Police Department were dispatched to Hu Ke Lau 705 Memorial Drive for a disturbance.

20. Plaintiff headed in the direction of his residence at 735 Memorial Drive, Lot #28.

21. Defendants Brunelle and McQuaid arrived at the Hu Ke Lau first.

22. Defendants Brodeur and Dumais located Plaintiff walking into the trailer park of 735 Memorial Drive in the area of Kon Tiki Circle.

23. Defendant Brodeur pulled over the police cruiser.

24. Defendants Brodeur and Dumais exited the cruiser and stopped Plaintiff.

25. Defendants McQuaid and Brunell arrived on scene from the Hu Ke Lau.

26. Defendant Brodeur formed the opinion that Plaintiff was unable to care for himself due to his current state.

27. Defendants Brodeur and Dumais approached Plaintiff and grabbed his forearms.

28. Using the arm bar takedown method, Defendants Brodeur and Dumais physically forced Plaintiff to the ground smashing his face.

29. Defendants Brodeur, Dumais, McQuaid, and Brunell forcibly held Plaintiff on the ground using the physical force of their bodies.

30. Defendants Brodeur and Dumais put handcuffs on Plaintiff.

31. Defendants Brodeur, Dumais, McQuaid, and Brunell dragged Plaintiff to the cruiser.

32. Plaintiff was slammed against the back door of the cruiser.

33. Plaintiff was searched for weapons.

34. No weapons were found.

35. While handcuffed and pushed up against the cruiser, Defendants Brodeur and Dumais physically shoved Plaintiff causing him to fall face first on the ground.

36. Plaintiff was unable to break the fall since his hands were in cuffs.

37. Plaintiff was transported to Holyoke Medical Center.

38. As a result of the attack and multiple beatings, Plaintiff suffered severe physical injuries requiring serious medical care.

39. Plaintiff also suffered and continues to suffer extreme mental anguish, post-traumatic stress disorder, and has otherwise been damaged.

40. Plaintiff suffered a comminuted fracture in his face, breaking parts of his skull into multiple fragments.

41. Since considerable force and energy is required to fragment a bone, fractures of this degree usually occur after high impact trauma such as vehicular impacts.

42. A comminuted fracture is the most difficult to repair due to the bone having fractured into numerous pieces.

43. Multiple bone pieces require more effort to hold them together in the ideal position for healing.

44. Because of the attack and multiple beatings, Plaintiff suffered and was treated with multiple surgeries for;

    a. fractures in the orbital walls of his skull,

    b. fracture of the anterior, posterior, and medial maxillary sinus walls,

    c. displaced fragments of Plaintiff's posterior maxillary sinus wall fracture extended into the right maxillary sinus,

    d. fracture of the zygomatic arch, inferior and lateral orbital wall, anterior, lateral, and likely medial maxillary sinus walls,

    e. blood within the right maxillary sinus,

    f. right inferolateral orbital wall hematoma,

    g. edema over right temple and eyebrow,

    h.   tenderness in right mandible,

    i.   right shoulder ecchymosis and generalized c-spine tenderness.

45. A red rubber catheter was used for Plaintiff's right eye.

46. Multiple metal plates and screws were installed on Plaintiff's skull.

47. Plaintiff was arraigned and charged on May 4, 2018 with disorderly conduct, assault and battery on a police officer (two counts) and resisting arrest.

48. It is unclear if the resisting arrest charge stems from Plaintiff's conduct during the arrest, transport, or during booking.

**COUNT I**
**42 U.S.C., §1983**
**v. Brodeur, Dumais, McQuaid, Brunell, Jebb, and Does 1-10**

49. Plaintiff re-alleges and incorporates paragraphs 1 through 48 as if set forth fully herein.

50. By their actions set forth above, Defendants Brodeur, Dumais, McQuaid, Brunell, Jebb, and Does 1-10 knowingly, willfully, and intentionally deprived Plaintiff of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the Massachusetts Constitution, while acting under color of law, in violation of 42 U.S.C., §1983. Defendants Brodeur, Dumais, McQuaid, and Brunell used excessive force during and after the arrest, abused Plaintiff with physical force, applied excessive force even after Plaintiff was brought down to the ground, and denied his due process under the law. As a supervisor, Defendant Police Chief Jebb's actions and inactions were done deliberately, recklessly, and with callous indifference to the constitutional rights of others.

51. As a result of Defendant's' violations of 42 U.S.C., §1983, Plaintiff suffered harm.

52. WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor against Defendants Brodeur, Dumais, McQuaid, Brunell, Jebb, and Does 1-10 in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorney's fees, and such other relief this Court deems just and proper.

## COUNT II
## CIVIL CONSPIRACY TO VIOLATE
## 42 U.S.C., §1983
## v. Brodeur, Dumais, McQuaid, Brunell, Jebb, and Does 1-10

53. Plaintiff re-alleges and incorporates paragraphs 1 through 52 as if set forth fully herein.

54. By their actions set forth above, Defendants Brodeur, Dumais, McQuaid, Brunell, Jebb, and Does 1-10 knowingly, willfully, and intentionally deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Massachusetts Constitution, while acting under the color of law in violation of 42. U.S.C., §1983. Defendants Brodeur, Dumais, McQuaid, Brunell, Jebb, and Does 1-10 conspired among themselves to violate Plaintiff's rights under the constitution of the United States and Massachusetts. In furtherance of this conspiracy and cover-up, Defendants distorted facts, lied about the events that took place, and created charges against Plaintiff that would assist them in covering up the deprivation of constitutionally recognized rights afforded to every United States Citizen.

55. As a result of Defendants' violations of 42 U.S.C., §1983, Plaintiff suffered harm.

56. WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor against Defendants Brodeur, Dumais, McQuaid, Brunell, Jebb, and Does 1-10 in an amount to be determined by this Court, including compensatory and punitive damages, compensation

for his emotional pain and suffering, interest, costs, attorney's fees, and such other relief this Court deems just and proper.

**COUNT III**
**42 U.S.C., §1983**
**v. Jebb**

57. Plaintiff re-alleges and incorporates paragraphs 1 through 56 as if set forth fully herein.

58. By his action, inaction, and deliberate indifference as set forth above, Defendant Jebb knowingly, willfully, and intentionally allowed a policy and custom to exist which resulted in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the Massachusetts Constitution in violation of 42 U.S.C., §1983.

59. As a result of Defendant Jebb's violations of 42 U.S.C., §1983, Plaintiff suffered harm.

60. Defendant Jebb had actual knowledge that Defendants Brodeur, Dumais, McQuaid, and Brunell physically beat Plaintiff.

61. Prior to Plaintiff's beating, Defendant Jebb failed to properly train Defendants Brodeur, Dumais, McQuaid, and Brunell.

62. WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor against Defendant Jebb in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorney's fees, and such other relief this Court deems just and proper.

**COUNT IV**
**42 U.S.C., §1983**
**v. City of Chicopee**

63. Plaintiff re-alleges and incorporates paragraphs 1 through 62 as if set forth fully herein.

64. By its action, inaction, and deliberate indifference as set forth above, Chicopee knowingly, willfully, and intentionally allowed a policy and custom to restrain arrestees which resulted in violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the Massachusetts Constitution, in violation of 42 U.S.C., §1983.

65. As a result of Chicopee's violation of 42 U.S.C., §1983, Plaintiff suffered harm.

66. WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor against City of Chicopee in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorney's fees, and such other relief this Court deems just and proper.

## COUNT V
## 42 U.S.C., §1983
## v. City of Chicopee

67. Plaintiff re-alleges and incorporates paragraphs 1 through 66 as if set forth fully herein.

68. The City of Chicopee's failure of ensuring the proper functioning of the police department and failure to ensure that all officers of the police department are properly supervised and trained to interact with members of the public, as a municipal corporation, resulted in violations of Plaintiff's rights under the Fourth and Fourteenth amendments to the United States Constitution and under the Massachusetts Constitution in violation of 42. U.S.C., §1983.

69. As a result of Chicopee's violation of 42. U.S.C., §1983, Plaintiff suffered harm.

70. The City of Chicopee failed to order Defendant Jebb to train or supervise Defendants Brodeur, Dumais, McQuaid, and Brunell.

71. WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor against Defendant City of Chicopee in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorney's fees, and such other relief this Court deems just and proper.

## COUNT VI
## 42 U.S.C., §1983
## v. Jebb

72. Plaintiff re-alleges and incorporates paragraph 1 through 71 as if set forth fully herein.

73. Defendant Jebb's failure of ensuring the proper functioning of the police department and failure to ensure that all officers of the police department are properly trained to interact with members of the public, individually and in his official capacity as Police Chief, resulted in violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the Massachusetts Constitution in violation of 42 U.S.C., §1983.

74. As a result of Defendant Jebb's violations of 42. U.S.C., §1983, Plaintiff suffered harm.

75. WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor against Defendant Jebb in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorney's fees, and such other relief this Court deems just and proper.

## COUNT VII
## ASSAULT AND BATTERY
## v. Brodeur

76. Plaintiff re-alleges and incorporates paragraphs 1 through 75 as if set forth fully herein.

77. The acts of Defendant Brodeur, described above constituted assault and battery upon Plaintiff in that Defendant Brodeur, intentionally attempted to injure Plaintiff or commit a

battery upon his, and further, that the act of Defendant Brodeur, represented a grievous affront to Plaintiff.

78. Defendant Brodeur's acts constituted a battery upon Plaintiff in that the bodily contact described was intentional and grossly offensive in nature.

79. Defendant Brodeur unreasonably smashed Plaintiff's face on the ground using an arm bar takedown.

80. After Plaintiff was put in handcuffs, Defendant Brodeur unreasonably shoved Plaintiff causing him to fall on his face.

81. The actions of Defendant Brodeur were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendant Brodeur knew, or should have known, that his actions were without the consent of the Plaintiff, and that the actions described were against his wishes.

82. As a result of the acts of Defendant Brodeur, Plaintiff suffered physical pain and still suffers from mental pain and sustained emotional injuries resulting from Defendant Brodeur's assault and battery. The injuries sustained by Plaintiff were caused wholly and solely by reason of conduct described, and Plaintiff did not contribute thereto.

**COUNT VIII**
**ASSAULT AND BATTERY**
**v. Dumais**

83. Plaintiff re-alleges and incorporates paragraphs 1 through 82 as if set forth fully herein.

84. The acts of Defendant Dumais described above constituted an assault upon Plaintiff, in that Defendant Dumais, intentionally attempted to injure, Plaintiff, or commit a battery upon his, and further, that the acts of Defendant Dumais represented a grievous affront to Plaintiff.

85. Defendant Dumais' acts constituted a battery upon the Plaintiff in that the bodily contact described was intentional and grossly offensive in nature.

86. Defendant Dumais unreasonably smashed Plaintiff's face on the ground using an arm bar takedown.

87. After Plaintiff was put in handcuffs, Defendant Dumais unreasonably shoved Plaintiff causing him to fall on his face.

88. The actions of Defendant Dumais were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendant Dumais knew, or should have known, that his actions were without the consent of the Plaintiff, and that the actions described were against his wishes.

89. As a result of the acts of Defendant Dumais, Plaintiff suffered physical pain and still suffers from mental pain and sustained emotional injuries resulting from Defendant Dumais' assault and battery. The injuries sustained by Plaintiff were caused wholly and solely by reason of conduct described, and Plaintiff did not contribute thereto.

**COUNT IX**
**ASSAULT AND BATTERY**
**v. McQuaid**

90. Plaintiff re-alleges and incorporates paragraphs 1 through 89 as if set forth fully herein.

91. The acts of Defendant McQuaid described above constituted an assault upon Plaintiff, in that Defendant McQuaid, intentionally attempted to injure, Plaintiff or commit a battery upon his, and further, that the acts of Defendant McQuaid represented a grievous affront to Plaintiff.

92. Defendant McQuaid's acts constituted a battery upon the Plaintiff in that the bodily contact described was intentional and grossly offensive in nature.

93. Defendant McQuiad continued to apply excessive force to Plaintiff after he was brought down to the ground.

94. The actions of Defendant McQuaid were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendant McQuaid knew, or should have known, that his actions were without the consent of the Plaintiff and that the actions described were against his wishes.

95. As a result of the acts of Defendant McQuaid, Plaintiff suffered physical pain and still suffers from mental pain and sustained emotional injuries resulting from Defendant McQuaid's assault and battery. The injuries sustained by Plaintiff were caused wholly and solely by reason of conduct described, and Plaintiff did not contribute thereto.

## COUNT X
## ASSAULT AND BATTERY
### v. Brunell

96. Plaintiff re-alleges and incorporates paragraphs 1 through 95 as if set forth fully herein.

97. The acts of Defendant Brunell described above constituted an assault upon Plaintiff, in that Defendant Brunell, intentionally attempted to injure or commit a battery upon his, and further, that the acts of Defendant Brunell represented a grievous affront to Plaintiff.

98. Defendant Brunell's acts constituted a battery upon the Plaintiff in that the bodily contact described was intentional and grossly offensive in nature.

99. Defendant Brunell continued to apply excessive force to Plaintiff after he was brought down to the ground.

100. The actions of Defendant Brunell were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendant Brunell knew, or should have known, that his actions were without the consent of the Plaintiff and that the actions described were against his wishes.

101. As a result of the acts of Defendant Brunell, Plaintiff suffered physical pain and still suffers from mental pain and sustained emotional injuries resulting from Defendant Brunell's assault and battery. The injuries sustained by Plaintiff were caused wholly and solely by reason of conduct described, and Plaintiff did not contribute thereto.

### COUNT XIII
### ASSAULT AND BATTERY
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### v. Brodeur, Dumais, McQuaid, and Brunell

102. Plaintiff re-alleges and incorporates paragraphs 1 through 101 as if set forth fully herein.

103. Defendants v. Brodeur, Dumais, McQuaid, and Brunellle, both individually and collectively, engaged in acts which represented extreme and outrageous conduct which intentionally or recklessly caused severe emotional distress to Plaintiff. Further, the conduct described was so outrageous and atrocious as to be utterly intolerable in a civilized community.

104. As a result of the Defendants' intentional infliction of emotional distress upon Plaintiff, he has sustained severe emotional distress, post-traumatic stress disorder, pain and suffering, and loss of enjoyment of life.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment against the Defendants jointly and severally on all counts of this complaint and:

1. Award compensatory damages with interest thereon;

2. Award punitive damages;

3.  Award interest and costs of this action to Plaintiff;

4.  Award attorney's fees to Plaintiff;

5.  Award such other relief which this Court deems just and equitable.


                          FOR THE PLAINTIFF,
                          REY AUGUSTINE, JR.
                          By his attorney,

                          _James R. Goodhines_

                          JAMES R. GOODHINES, ESQ.
                          Goodhines Law Offices
                          175 State Street, Suite 400
                          Springfield, MA 01103
                          (413) 737-0101 (office) (413) 731-7935 (fax)
                          BBO# 629578

Date: November 13, 2020