**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **REY L. AUGUSTINE, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No.:  20-CV-30177-KAR** |
| | : | |
| **CITY OF CHICOPEE; OFFICER** | : | |
| **TIMOTHY BRODEUR, officially** | : | |
| **and individually; OFFICER** | : | |
| **MICKEY DUMAIS, officially and** | : | |
| **individually; OFFICER JOSEPH** | : | |
| **BRUNELLE,[1] officially and** | : | |
| **individually; OFFICER FRANK** | : | |
| **MCQUAID, officially and** | : | |
| **individually; POLICE CHIEF** | : | |
| **WILLIAM JEBB, officially and** | : | |
| **individually, JOHN/JANE DOES** | : | |
| **1-10, officially and individually,** | : | |
| **Defendants.** | : | |
| _____ | : | |

**DEFENDANT JOSEPH BRUNELLE'S ANSWER TO COMPLAINT, AFFIRMATIVE**
**DEFENSES AND JURY DEMAND**

Now comes defendant Joseph Brunelle (hereafter "Brunelle") and hereby responds to the

plaintiff's complaint as follows:

As to the two prefatory sentences in the complaint, Brunelle need not reply to the

plaintiff's jury trial demand but, to the extent that the content of the first two sentences preceding

the Introduction section of the complaint asserts, suggests or implies wrongdoing of any sort by

Brunelle, or to the extent that the content asserts, suggests or implies the existence of any basis

for Brunelle's liability to the plaintiff, that content is denied.

_____

1 Joseph Brunelle's name is spelled incorrectly in the complaint as Joseph "Brunell[.]"

## I.    AS TO INTRODUCTION

1.    Although paragraph one of the complaint purports to be an introductory comment describing the plaintiff's perceived grievance, it makes various assertions as to Brunelle, all of which are denied.  Responding further, to the extent that paragraph one of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph one asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

## II.   AS TO JURISDICTION AND VENUE

2.    Brunelle need not respond to the content of paragraph two of the complaint, as that content provides only the claimed jurisdictional predicate for the plaintiff's action; responding further, to the extent that paragraph two of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph two asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

3.    Although paragraph three of the complaint purports to be a statement concerning the claimed foundation for venue in this action, it also characterizes actions of the defendants as illegal, which allegation is denied.  Responding further, to the extent that paragraph three of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph three asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

## III.  AS TO PARTIES

4.    Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph four of the complaint and therefore leaves the plaintiff to prove the same.

5.      Brunelle admits the first sentence of paragraph five of the complaint as it concerns him;

as to the remaining defendants identified in the first sentence of paragraph five of the complaint,

Brunelle only can state that he understands the individuals to have been sworn members of the

Chicopee Police Department at all relevant times.  As to the second sentence of paragraph five of

the complaint, the content describes only the capacities in which Brunelle and others are being

sued and Brunelle need not respond, although he does note that a claim against an individual in

his or her official capacity is a claim against the municipal defendant, which is named separately

here and renders the official capacity claim against Brunelle redundant and legally nonviable.

As to the third sentence of paragraph five of the complaint, Brunelle admits that he acted under

color of state law at all relevant times and need not respond to the allegation concerning other

defendants.  Responding still further, to the extent that paragraph five of the complaint asserts,

suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph five

asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that

content is denied.

6.      Brunelle is without personal sufficient knowledge either to admit or to deny the facts,

allegations or content within paragraph six of the complaint and therefore leaves the plaintiff to

prove the same.  Responding further, to the extent that paragraph six of the complaint asserts,

suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph six

asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that

content is denied.

7.      Brunelle need not respond to paragraph seven of the complaint, as that content is focused

solely upon another named defendant, although Brunelle denies any implicit or other assertions

that he was encouraged to violate, or did violate, the constitutional rights of anyone, including

3

the plaintiff.  Responding further, to the extent that paragraph seven of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph seven asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

8.      Brunelle need not respond to paragraph eight of the complaint, as that content is focused solely upon another named defendant, although Brunelle denies any implicit or other assertions that he was encouraged to violate, or did violate, the constitutional rights of anyone, including the plaintiff.  Responding further, to the extent that paragraph eight of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph eight asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

## IV.     AS TO ASSERTED FACTS

9.      Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph nine of the complaint and therefore leaves the plaintiff to prove the same.

10.      Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph ten of the complaint and therefore leaves the plaintiff to prove the same.

11.      Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph eleven of the complaint and therefore leaves the plaintiff to prove the same.

12.      Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph twelve of the complaint and therefore leaves the plaintiff

to prove the same.

13.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph thirteen of the complaint and therefore leaves the plaintiff to prove the same.

14.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph fourteen of the complaint and therefore leaves the plaintiff to prove the same.

15.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph fifteen of the complaint and therefore leaves the plaintiff to prove the same.

16.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph sixteen of the complaint and therefore leaves the plaintiff to prove the same.

17.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph seventeen of the complaint and therefore leaves the plaintiff to prove the same.

18.     Brunelle has sufficient personal knowledge only to admit that, based upon information and belief, the Chicopee Police Department was notified of an incident at the Hu Ke Lau and that officers, including Brunelle, were notified of the request for service.  For any remaining contentions within paragraph eighteen of the complaint, including from whom the call for assistance originated or the sequential timing of the call, Brunelle is without sufficient personal knowledge to admit or to deny that content and therefore leaves the plaintiff to prove the same. Responding further, to the extent that paragraph eighteen of the complaint asserts, suggests or

5

implies wrongdoing of any sort by Brunelle, or to the extent that paragraph eighteen asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

19.     Brunelle is without sufficient personal knowledge either to admit or to deny that he was dispatched to the call for service, as compared to responding because he was available to do so; responding further, Brunelle is without sufficient personal knowledge either to admit or to deny the remaining content of paragraph nineteen of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph nineteen of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph nineteen asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

20.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph twenty of the complaint and therefore leaves the plaintiff to prove the same.

21.     Brunelle admits only that he responded to the Hu Ke Lau and is without sufficient personal knowledge either to admit or to deny the remaining content of paragraph twenty-one of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph twenty-one of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph twenty-one asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

22.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph twenty-two of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph twenty-two of the

complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph twenty-two asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

23.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph twenty-three of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph twenty-three of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph twenty-three asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

24.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph twenty-four of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph twenty-four of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph twenty-four asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

25.     Brunelle denies the content of paragraph twenty-five of the complaint as it is placed within the sequence of events, and admits only that, at some point in time after the plaintiff was in custody, Brunelle arrived at the scene of the arrest.  Responding further, to the extent that paragraph twenty-five of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph twenty-five asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

26.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph twenty-six of the complaint, relating to the thoughts and

opinions of another individual, and therefore leaves the plaintiff to prove the same.  Responding

further, to the extent that paragraph twenty-six of the complaint asserts, suggests or implies

wrongdoing of any sort by Brunelle, or to the extent that paragraph twenty-six asserts, suggests

or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

27.      Brunelle is without sufficient personal knowledge either to admit or to deny the facts,

allegations or content within paragraph twenty-seven of the complaint and therefore leaves the

plaintiff to prove the same.  Responding further, to the extent that paragraph twenty-seven of the

complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that

paragraph twenty-seven asserts, suggests or implies the existence of any basis for Brunelle's

liability to the plaintiff, that content is denied.

28.      Brunelle is without sufficient personal knowledge either to admit or to deny the facts,

allegations or content within paragraph twenty-eight of the complaint and therefore leaves the

plaintiff to prove the same.  Responding further, to the extent that paragraph twenty-eight of the

complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that

paragraph twenty-eight asserts, suggests or implies the existence of any basis for Brunelle's

liability to the plaintiff, that content is denied.

29.      Denied as to Brunelle and Brunelle is without sufficient personal knowledge either to

admit or to deny the remaining facts, allegations or content within paragraph twenty-nine of the

complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent

that paragraph twenty-nine of the complaint asserts, suggests or implies wrongdoing of any sort

by Brunelle, or to the extent that paragraph twenty-nine asserts, suggests or implies the existence

of any basis for Brunelle's liability to the plaintiff, that content is denied.

30.      Brunelle is without sufficient personal knowledge either to admit or to deny the facts,

allegations or content within paragraph thirty of the complaint and therefore leaves the plaintiff to prove the same. Responding further, to the extent that paragraph thirty of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph thirty asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

31.     Denied as to Brunelle and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph thirty-one of the complaint and therefore leaves the plaintiff to prove the same. Responding further, to the extent that paragraph thirty-one of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph thirty-one asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

32.     Denied as to Brunelle and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph thirty-two of the complaint and therefore leaves the plaintiff to prove the same. Responding further, to the extent that paragraph thirty-two of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph thirty-two asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

33.     Denied as to Brunelle and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph thirty-three of the complaint and therefore leaves the plaintiff to prove the same. Responding further, to the extent that paragraph thirty-three of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph thirty-three asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

34.     As Brunelle was not involved in any search, he does not know the result of any search. Responding further, to the extent that paragraph thirty-four of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph thirty-four asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

35.     Denied as to Brunelle and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph thirty-five of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph thirty-five of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph thirty-five asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

36.     Denied as to Brunelle and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph thirty-six of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph thirty-six of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph thirty-six asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

37.     Brunelle admits only that, at some point, the plaintiff was transported to the hospital. Responding further, to the extent that paragraph thirty-seven of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph thirty-seven asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

38.     Denied that Brunelle is responsible in any way for such claimed injuries and Brunelle is

without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph thirty-eight of the complaint and therefore leaves the plaintiff to prove the same. Responding further, to the extent that paragraph thirty-eight of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph thirty-eight asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

39.    Denied that Brunelle is responsible in any way for such claimed injuries and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph thirty-nine of the complaint and therefore leaves the plaintiff to prove the same. Responding further, to the extent that paragraph thirty-nine of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph thirty-nine asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

40.    Denied that Brunelle is responsible in any way for such claimed injuries and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph forty of the complaint and therefore leaves the plaintiff to prove the same. Responding further, to the extent that paragraph forty of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph forty asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

41.    Denied that Brunelle is responsible in any way for such claimed injuries and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph forty-one of the complaint and therefore leaves the plaintiff to prove

the same.  Responding further, to the extent that paragraph forty-one of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph forty-one asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

42.     Denied that Brunelle is responsible in any way for such claimed injuries and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph forty-two of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph forty-two of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph forty-two asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

43.     Denied that Brunelle is responsible in any way for such claimed injuries and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph forty-three of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph forty-three of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph forty-three asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

44.     Denied that Brunelle is responsible in any way for such claimed injuries and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph forty-four of the complaint, and its subparts, and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph forty-four, and its subparts, of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to

the extent that paragraph forty-three, and its subparts, asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

45.     Denied that Brunelle is responsible in any way for such claimed injuries and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph forty-five of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph forty-five of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph forty-five asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

46.     Denied that Brunelle is responsible in any way for such claimed injuries and Brunelle is without sufficient personal knowledge either to admit or to deny the remaining facts, allegations or content within paragraph forty-six of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph forty-six of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph forty-six asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

47.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts, allegations or content within paragraph forty-seven of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph forty-seven of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph forty-seven asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

48.     Brunelle is without sufficient personal knowledge either to admit or to deny the facts,

13

allegations or content within paragraph forty-eight of the complaint and therefore leaves the plaintiff to prove the same.  Responding further, to the extent that paragraph forty-eight of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph forty-eight asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

## V.     AS TO CAUSES OF ACTION

### A.     As To Count I (42 U.S.C. § 1983)
####         Against Brodeur, Dumais, McQuaid, Brunelle, Jebb and Does 1-10

49.     Brunelle repeats his responses to paragraphs one through forty-eight of the complaint as if fully set forth herein.

50.     Denied.  Responding further, to the extent that paragraph fifty of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph fifty asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

51.     Denied.  Responding further, to the extent that paragraph fifty-one of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph fifty-one asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

52.     As to the relief requested in paragraph fifty-two of the complaint, Brunelle denies that the plaintiff is entitled to any relief whatsoever, including any judgment entered in his favor, any declaratory judgment entered in his favor or any other declarative relief, any injunctive relief, any award of compensatory or punitive damages, any form of compensation, any interest award, any costs, any expenses, any attorneys' fees, any interest or any other form of legal or equitable

14

relief whatsoever.

**B.     As To Count II (42 U.S.C. § 1983 Conspiracy)**
**Against Brodeur, Dumais, McQuaid, Brunelle, Jebb and Does 1-10**

53.     Brunelle repeats his responses to paragraphs one through fifty-two of the complaint as if

fully set forth herein.

54.     Denied.  Responding further, to the extent that paragraph fifty-four of the complaint

asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph

fifty-four asserts, suggests or implies the existence of any basis for Brunelle's liability to the

plaintiff, that content is denied.

55.     Denied.  Responding further, to the extent that paragraph fifty-five of the complaint

asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph

fifty-five asserts, suggests or implies the existence of any basis for Brunelle's liability to the

plaintiff, that content is denied.

56.     As to the relief requested in paragraph fifty-six of the complaint, Brunelle denies that the

plaintiff is entitled to any relief whatsoever, including any judgment entered in his favor, any

declaratory judgment entered in his favor or any other declarative relief, any injunctive relief,

any award of compensatory or punitive damages, any form of compensation, any interest award,

any costs, any expenses, any attorneys' fees, any interest or any other form of legal or equitable

relief whatsoever.

**C.     As To Count III (42 U.S.C. § 1983)**
**Against Jebb**

57.     Brunelle repeats his responses to paragraphs one through fifty-six of the complaint as if

fully set forth herein.

58.     Brunelle need not respond to paragraph fifty-eight of the complaint, as the content of that

paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph fifty-eight of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph fifty-eight asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

59.     Brunelle need not respond to paragraph fifty-nine of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph fifty-nine of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph fifty-nine asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

60.     Although paragraph sixty of the complaint is directed toward another named defendant, it contains allegations concerning Brunelle, which are denied.  Responding further, to the extent that paragraph sixty of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph sixty asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

61.     Although paragraph sixty-one of the complaint is directed toward another named defendant, it contains allegations concerning Brunelle, which are denied.  Responding further, to the extent that paragraph sixty-one of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph sixty-one asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

62.     Although paragraph sixty-two of the complaint seeks relief from another named defendant, to the extent that paragraph sixty-two of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph sixty-two asserts, suggests or

implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

Responding further as to Brunelle, Brunelle denies that the plaintiff is entitled to any relief

whatsoever, including any judgment entered in his favor, any declaratory judgment entered in his

favor or any other declarative relief, any injunctive relief, any award of compensatory or punitive

damages, any form of compensation, any interest award, any costs, any expenses, any attorneys'

fees, any interest or any other form of legal or equitable relief whatsoever.

> **D.    As To Count IV (42 U.S.C. § 1983)**
> **Against City of Chicopee**

63.    Brunelle repeats his responses to paragraphs one through sixty-two of the complaint as if

fully set forth herein.

64.    Brunelle need not respond to paragraph sixty-four of the complaint, as the content of that

paragraph is directed toward another named defendant.  Responding further, to the extent that

paragraph sixty-four of the complaint asserts, suggests or implies wrongdoing of any sort by

Brunelle, or to the extent that paragraph sixty-four asserts, suggests or implies the existence of

any basis for Brunelle's liability to the plaintiff, that content is denied.

65.    Brunelle need not respond to paragraph sixty-five of the complaint, as the content of that

paragraph is directed toward another named defendant.  Responding further, to the extent that

paragraph sixty-five of the complaint asserts, suggests or implies wrongdoing of any sort by

Brunelle, or to the extent that paragraph sixty-five asserts, suggests or implies the existence of

any basis for Brunelle's liability to the plaintiff, that content is denied.

66.    Although paragraph sixty-six of the complaint seeks relief from another named

defendant, to the extent that paragraph sixty-six of the complaint asserts, suggests or implies

wrongdoing of any sort by Brunelle, or to the extent that paragraph sixty-six asserts, suggests or

implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied. Responding further as to Brunelle, Brunelle denies that the plaintiff is entitled to any relief whatsoever, including any judgment entered in his favor, any declaratory judgment entered in his favor or any other declarative relief, any injunctive relief, any award of compensatory or punitive damages, any form of compensation, any interest award, any costs, any expenses, any attorneys' fees, any interest or any other form of legal or equitable relief whatsoever.

### E.    As To Count V (42 U.S.C. § 1983) Against City of Chicopee

67.    Brunelle repeats his responses to paragraphs one through sixty-six of the complaint as if fully set forth herein.

68.    Brunelle need not respond to paragraph sixty-eight of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph sixty-eight of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph sixty-eight asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

69.    Brunelle need not respond to paragraph sixty-nine of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph sixty-nine of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph sixty-nine asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

70.    Although paragraph seventy of the complaint is directed toward another named defendant, it contains allegations concerning Brunelle, which are denied.  Responding further, to the extent that paragraph seventy of the complaint asserts, suggests or implies wrongdoing of any

sort by Brunelle, or to the extent that paragraph seventy asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

71.     Although paragraph seventy-one of the complaint seeks relief from another named defendant, to the extent that paragraph seventy-one of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph seventy-one asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied. Responding further as to Brunelle, Brunelle denies that the plaintiff is entitled to any relief whatsoever, including any judgment entered in his favor, any declaratory judgment entered in his favor or any other declarative relief, any injunctive relief, any award of compensatory or punitive damages, any form of compensation, any interest award, any costs, any expenses, any attorneys' fees, any interest or any other form of legal or equitable relief whatsoever.

   **F.     As To Count VI (42 U.S.C. § 1983)
           Against Jebb**

72.     Brunelle repeats his responses to paragraphs one through seventy-one of the complaint as if fully set forth herein.

73.     Brunelle need not respond to paragraph seventy-three of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph seventy-three of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph seventy-three asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

74.     Brunelle need not respond to paragraph seventy-four of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph seventy-four of the complaint asserts, suggests or implies wrongdoing of any sort

by Brunelle, or to the extent that paragraph seventy-four asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

75.     Although paragraph seventy-five of the complaint seeks relief from another named defendant, to the extent that paragraph seventy-five of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph seventy-five asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied. Responding further as to Brunelle, Brunelle denies that the plaintiff is entitled to any relief whatsoever, including any judgment entered in his favor, any declaratory judgment entered in his favor or any other declarative relief, any injunctive relief, any award of compensatory or punitive damages, any form of compensation, any interest award, any costs, any expenses, any attorneys' fees, any interest or any other form of legal or equitable relief whatsoever.

> G.     As To Count VII (Assault and Battery)
>         Against Brodeur

76.     Brunelle repeats his responses to paragraphs one through seventy-five of the complaint as if fully set forth herein.

77.     Brunelle need not respond to paragraph seventy-seven of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph seventy-seven of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph seventy-seven asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

78.     Brunelle need not respond to paragraph seventy-eight of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph seventy-eight of the complaint asserts, suggests or implies wrongdoing of any sort

by Brunelle, or to the extent that paragraph seventy-eight asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

79. Brunelle need not respond to paragraph seventy-nine of the complaint, as the content of that paragraph is directed toward another named defendant. Responding further, to the extent that paragraph seventy-nine of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph seventy-nine asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

80. Brunelle need not respond to paragraph eighty of the complaint, as the content of that paragraph is directed toward another named defendant. Responding further, to the extent that paragraph eighty of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph eighty asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

81. Brunelle need not respond to paragraph eighty-one of the complaint, as the content of that paragraph is directed toward another named defendant. Responding further, to the extent that paragraph eighty-one of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph eighty-one asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

82. Brunelle need not respond to paragraph eighty-two of the complaint, as the content of that paragraph is directed toward another named defendant. Responding further, to the extent that paragraph eighty-two of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph eighty-two asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

H.      As To Count VIII (Assault and Battery)
        Against Dumais

83.     Brunelle repeats his responses to paragraphs one through eighty-two of the complaint as
if fully set forth herein.

84.     Brunelle need not respond to paragraph eighty-four of the complaint, as the content of
that paragraph is directed toward another named defendant.  Responding further, to the extent
that paragraph eighty-four of the complaint asserts, suggests or implies wrongdoing of any sort
by Brunelle, or to the extent that paragraph eighty-four asserts, suggests or implies the existence
of any basis for Brunelle's liability to the plaintiff, that content is denied.

85.     Brunelle need not respond to paragraph eighty-five of the complaint, as the content of
that paragraph is directed toward another named defendant.  Responding further, to the extent
that paragraph eighty-five of the complaint asserts, suggests or implies wrongdoing of any sort
by Brunelle, or to the extent that paragraph eighty-five asserts, suggests or implies the existence
of any basis for Brunelle's liability to the plaintiff, that content is denied.

86.     Brunelle need not respond to paragraph eighty-six of the complaint, as the content of
that paragraph is directed toward another named defendant.  Responding further, to the extent
that paragraph eighty-six of the complaint asserts, suggests or implies wrongdoing of any sort by
Brunelle, or to the extent that paragraph eighty-six asserts, suggests or implies the existence of
any basis for Brunelle's liability to the plaintiff, that content is denied.

87.     Brunelle need not respond to paragraph eighty-seven of the complaint, as the content of
that paragraph is directed toward another named defendant.  Responding further, to the extent
that paragraph eighty-seven of the complaint asserts, suggests or implies wrongdoing of any sort
by Brunelle, or to the extent that paragraph eighty-seven asserts, suggests or implies the

existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

88.     Brunelle need not respond to paragraph eighty-eight of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph eighty-eight of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph eighty-eight asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

89.     Brunelle need not respond to paragraph eighty-nine of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph eighty-nine of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph eighty-nine asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

   I.     As To Count IX (Assault and Battery)
          Against McQuaid

90.     Brunelle repeats his responses to paragraphs one through eighty-nine of the complaint as if fully set forth herein.

91.     Brunelle need not respond to paragraph ninety-one of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph ninety-one of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph ninety-one asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

92.     Brunelle need not respond to paragraph ninety-two of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph ninety-two of the complaint asserts, suggests or implies wrongdoing of any sort

by Brunelle, or to the extent that paragraph ninety-two asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

93.     Brunelle need not respond to paragraph ninety-three of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph ninety-three of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph ninety-three asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

94.     Brunelle need not respond to paragraph ninety-four of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph ninety-four of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph ninety-four asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

95.     Brunelle need not respond to paragraph ninety-five of the complaint, as the content of that paragraph is directed toward another named defendant.  Responding further, to the extent that paragraph ninety-five of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph ninety-five asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

> **J.      As To Count X (Assault and Battery)**
> **Against Brunelle**

96.     Brunelle repeats his responses to paragraphs one through ninety-five of the complaint as if fully set forth herein.

97.     Denied.  Responding further, to the extent that paragraph ninety-seven of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph

ninety-seven asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

98.     Denied.  Responding further, to the extent that paragraph ninety-eight of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph ninety-eight asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

99.     Denied.  Responding further, to the extent that paragraph ninety-nine of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph ninety-nine asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

100.    Denied.  Responding further, to the extent that paragraph 100 of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph 100 asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

101.    Denied.  Responding further, to the extent that paragraph 101 of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph 101 asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

### K.     As To Count "XIII" [sic][2] (Assault and Battery/Intentional Infliction of Emotional Distress)[3]

102.    Brunelle repeats his responses to paragraphs one through 101 of the complaint as if fully

---

2 There are no Counts XI or XII designated in the complaint.
3 The caption for this section of the complaint identifies two distinct causes of action, although the body of Count XIII appears to advance only a claim of the intentional infliction of emotional distress.

set forth herein.

103.    Denied.  Responding further, to the extent that paragraph 103 of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph 103 asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

104.    Denied.  Responding further, to the extent that paragraph 104 of the complaint asserts, suggests or implies wrongdoing of any sort by Brunelle, or to the extent that paragraph 104 asserts, suggests or implies the existence of any basis for Brunelle's liability to the plaintiff, that content is denied.

## VI.    AS TO DEMANDS FOR RELIEF

As to the relief requested following paragraph 104 of the complaint, Brunelle denies that the plaintiff is entitled to any relief whatsoever, including through any theory of joint or several liability, and denies that the plaintiff is entitled to any judgment entered in his favor, any declaratory judgment entered in his favor or any other declarative relief, any injunctive relief, any award of compensatory or punitive damages, any interest award, any costs, any expenses, any attorneys' fees, any interest or any other form of legal or equitable relief whatsoever.

**BRUNELLE'S AFFIRMATIVE DEFENSES**

First Affirmative Defense

The complaint, in each of its claims, fails to state a claim upon which relief may be granted.

Second Affirmative Defense

Brunelle is qualifiedly immune from suit and from liability or otherwise was privileged and is immunized in his actions and the plaintiff's claims therefore are barred.

Third Affirmative Defense

      The plaintiff is barred from recovery, particularly as the complaint seeks equitable relief, by the doctrine of unclean hands.

Fourth Affirmative Defense

      The plaintiff's claims are barred or precluded by the doctrine of laches.

Fifth Affirmative Defense

      The plaintiff's claims are barred by the jurisdictional doctrines of collateral estoppel, res judicata and preclusion.

Sixth Affirmative Defense

      The plaintiff's claims are barred insofar as the plaintiff consented to the actions of Brunelle and others.

Seventh Affirmative Defense

      Brunelle's actions, at all times, were justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

Eighth Affirmative Defense

      The plaintiff has failed to commence this action within the appropriate statutes of limitation periods for the various claims.

Ninth Affirmative Defense

      At all times, Brunelle acted in good faith reliance on constitutional, statutory, judicial or other legal authority.

Tenth Affirmative Defense

      The injuries and damage claimed by the plaintiff were caused, in whole or in part, by the

plaintiff's own negligence, such that any recovery must be reduced in a manner proportional to that degree of negligence.

Eleventh Affirmative Defense

The injuries and damage claimed by the plaintiff were caused, in whole or in part, by the plaintiff's own negligence, and that negligence of the plaintiff was equal or greater than any negligence allegedly caused by Brunelle such that any recovery for the plaintiff is barred.

Twelfth Affirmative Defense

Brunelle's actions, at all times, were reasonable and undertaken with a good faith belief that his actions were lawful and not in violation of any federal or state constitutional, statutory or other right.

Thirteenth Affirmative Defense

The injuries and damage claimed by the plaintiff were caused by the acts of a third party or the plaintiff himself, individually or collectively, which acts Brunelle had no reason to anticipate and as to which person Brunelle had no control and is not responsible for as a matter of law.

Fourteenth Affirmative Defense

The injuries and damage claimed by the plaintiff were the result of preceding, supervening and intervening causes unrelated to the conduct of Brunelle, and Brunelle therefore is not liable.

Fifteenth Affirmative Defense

The plaintiff has failed to mitigate any claimed injury or damage, as required by law.

Sixteenth Affirmative Defense

The plaintiff's recovery is barred pursuant to the provisions of G.L. c. 258, § 10.

Seventeenth Affirmative Defense

The plaintiff's claimed injuries or damages were caused, in whole or in part, by the plaintiff's violation of the various statutes, ordinances, regulations, policies or other legal authority governing the conduct of the parties at the time that said injuries or damages were sustained and the claims therefore are barred.

Eighteenth Affirmative Defense

The plaintiff was not deprived of any right secured by either the federal or state constitutions, or by the laws and other legal authority of the Commonwealth of Massachusetts or the United States.

Nineteenth Affirmative Defense

The plaintiff, by his own conduct or by the conduct of his agents or servants, has waived any and all rights he may have had against Brunelle.

Twentieth Affirmative Defense

No act or omission of Brunelle was an actual, proximate or legal cause of damage allegedly sustained by the plaintiff.

Twenty-First Affirmative Defense

Brunelle is immune from liability pursuant to the so-called "public duty rule" as codified in Massachusetts General Laws c. 258.

Twenty-Second Affirmative Defense

To the extent that the amended complaint advances any claim sounding in negligence, Brunelle is immune pursuant to G.L. c. 258, § 2.

Twenty-Third Affirmative Defense

At the time of the alleged incident, the plaintiff was guilty of a violation of the law that

caused the incident and the plaintiff's claims therefore are barred.

Twenty-Fourth Affirmative Defense

The plaintiff's claims are frivolous and not made in good faith, and Brunelle therefore demands his costs and attorneys' fees.

Twenty-Fifth Affirmative Defense

The plaintiff's claims fail because the discretionary function exemption precludes liability of Brunelle.

Twenty-Sixth Affirmative Defense

Brunelle engaged in no conduct directed to or impacting the plaintiff such that it could be said that Brunelle is liable to the plaintiff under any cognizable theory.

Twenty-Seventh Affirmative Defense

The plaintiff's claims must be dismissed as the plaintiff lacks the authority to commence or maintain his claims.

Twenty-Eighth Affirmative Defense

The plaintiff's claims against Brunelle must fail because they are not based on active unconstitutional behavior.

Twenty-Ninth Affirmative Defense

The plaintiff has failed to articulate the deprivation or impact of a right for which a claim may be sustained pursuant to any cognizable theory.

Thirtieth Affirmative Defense

Brunelle states that his actions and conduct were performed according to and are protected by law and legal process such that the plaintiff cannot recover.

Thirty-First Affirmative Defense

Brunelle states that the plaintiff's claims must fail since his actions, at all times, were required for the protection of the public interest, his actions were reasonably necessary to achieve that purpose and his actions were not unduly burdensome for the plaintiff.

Thirty-Second Affirmative Defense

Brunelle states that the plaintiff's claims must fail since the plaintiff was not deprived by his actions of any constitutionally-protected or other protected interest.

Thirty-Third Affirmative Defense

The plaintiff's claims must fail because any injuries allegedly sustained by the plaintiff resulted from dangers the risk of which the plaintiff assumed.

Thirty-Fourth Affirmative Defense

The plaintiff's excessive force theory fails because no unreasonable, unjustified or unwarranted force was used upon him by Brunelle or anyone else.

Thirty-Fifth Affirmative Defense

The plaintiff's failure to intervene theory, if any, fails because Brunelle and other officers had no realistic opportunity to intervene, spatially or temporally; there was no unreasonable or unwarranted force used upon the plaintiff by anyone or anything; and Brunelle observed no such force.

Thirty-Sixth Affirmative Defense

The plaintiff's failure to provide medical attention theory, if any, fails because the plaintiff did not have a serious medical need suggesting or necessitating that medical attention be provided or summoned.

Thirty-Seventh Affirmative Defense

Brunelle was not deliberately indifferent to any right or need of the plaintiff, and the plaintiff has failed to plead sufficiently to the contrary.

Thirty-Eighth Affirmative Defense

There was no substantial or serious risk of harm of any degree disregarded by Brunelle such that he could be liable.

Thirty-Ninth Affirmative Defense

The plaintiff has failed to allege adequately that Brunelle's own actions, or actions for which he may be responsible, violated any right of the plaintiff or were improper.

Fortieth Affirmative Defense

The plaintiff has failed to allege adequately the existence of any damages, including emotional distress or other damage suffered by the plaintiff, such that the plaintiff's claims fail.

Forty-First Affirmative Defense

The plaintiff has failed to allege adequately the existence of a civil conspiracy, including the necessary elements of a conspiratorial agreement and the actual abridgement of a federally-secured right.

WHEREFORE, Brunelle respectfully requests that this Court enter judgment in his favor as follows:

1. that the plaintiff's complaint and action be dismissed with prejudice;

2. that the plaintiff take nothing by his complaint or his action;

3. for such other and further relief as this Court deems appropriate, including the award of costs and reasonable attorneys' fees to Brunelle.

Brunelle demands a trial by jury on all claims and issues so triable.

DEFENDANT BRUNELLE,
By his attorney,

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini, BBO #:  654690
Reardon, Joyce & Akerson, P.C
4 Lancaster Terrace
Worcester, MA 01609
508.754.7285
agambaccini@rja-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on December 6, 2020.

/s/ Andrew J. Gambaccini
Andrew J. Gambaccini