UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:20CV30177-KAR

| | |
|---|---|
| REY L. AUGUSTINE, JR.,<br>　　　　Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) |
| CITY OF CHICOPEE,<br>OFFICER TIMOTHY BRODEUR<br>OFFICALLY & INDIVIDUALLY,<br>OFFICER MICKEY DUMAIS<br>OFFICIALLY & INDIVIDUALLY,<br>OFFICER JOSEPH BRUNELL<br>OFFICIALLY & INDIVIDUALLY,<br>OFFICER FRANK MCQUAID<br>OFFICIALLY & INDIVIDUALLY,<br>SERGEANT DOUGLAS LAMBERT<br>OFFICIALLY & INDIVIDUALLY,<br>LIEUTENANT RICHARD HENRY<br>OFFICIALLY & INDIVIDUALLY,<br>POLICE CHIEF WILLIAM JEBB<br>OFFICIALLY & INDIVIDUALLY,<br>JOHN/JANE DOES 1-10<br>OFFICIALLY & INDIVIDUALLY<br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS MOTION TO DISMISS

### SUMMARY OF FACTS AS ALLEGED IN THE COMPLAINT

This case arises out of an incident of police brutality in which the plaintiff, Rey Augustine, Jr., was unjustifiably pushed and physically beaten by Chicopee Police. At all relevant time to the acts alleged, the Defendants were acting under the color of state law. During arrest, Mr. Augustine's face was smashed against the ground by Defendants using the arm bar

takedown method. Subsequently, Defendants placed handcuffs on Mr. Augustine, dragged him to their cruiser, and slammed him against the back door of the cruiser. While handcuffed and pushed up against the cruiser, Defendants physically shoved Mr. Augustine causing him to fall face first on the ground. Mr. Augustine was unable to break the fall since his hands were in cuffs. Mr. Augustine was transported to Holyoke Medical Center for his injuries. Mr. Augustine was arraigned and charged on May 4, 2018 with disorderly conduct, assault and battery on a police officer (two counts), and resisting arrest.

## I.     STANDARD OF REVIEW

The First Circuit has consistently utilized the standard set forth by the U.S. Supreme Court in *Conley v. Gibson* to decide Rule 12(b)(6) motions. The motion should only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). The Court must, in this case, accept as true all well-pled factual averments and indulge all reasonable inferences in Rey Augustine, Jr.'s favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) (holding that federal courts may not apply a heightened pleading standard in civil rights cases). In a civil rights action, a plaintiff only needs to plead specific facts from which to infer illegal motive with respect to constitutional claims in which "improper motive" is an essential element for the plaintiff to prove. *Judge v. City of Lowell*, 160 F.3d 67, 74 (1st Cir. 1989). It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under Rule 12 may stand. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 51 (1st Cir. 1988).

The court must "neither weigh the evidence nor rule on the merits because the issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims." *Day v. Fallon Cmty. Health Plan, Inc.*, 917 F.Supp.72, 75 (D.Mass. 1996). A motion to dismiss should be denied if a plaintiff has shown "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007); *see also Morales-Tanon v. P.R. Elec. Power Auth.*, 524 F.3d 15, 18 (1st Cir. 2008) (applying the *Bell Atl.* standard to a §1983 claim). Therefore, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Griswold v. Driscoll*, 625 F.Supp.2d 49, 55 (D.Mass. 2009) ("A motion to dismiss should be denied if a plaintiff has shown 'a plausible entitlement to relief.'"). While a plaintiff's claim to relief must be supported by sufficient factual allegation to be "plausible" under *Twombly*, nothing requires a plaintiff to prove his case in the pleadings. *Bell Atl.*, at 550 U.S. 544, 555. Further, dismissal of the counts without providing an opportunity to amend is not appropriate. *Santiago v. Bloise*, 741 F. Supp. 2d 357, 363–64 (D. Mass. 2010) (citing *Eastern Food Services, Inc. v. Pontifical Catholic University Services Ass'n, Inc.,* 357 F.3d 1, 8 (1st Cir.2004) (permission to amend complaint "often granted not only pretrial but after dismissal for failure to state a claim where court thinks that case has some promise"); *Luthy v. Proulx,* 464 F.Supp.2d 69, 76 (D.Mass. 2006) (allowing leave to amend to provide sufficient facts regarding policies of deliberate indifference)).

In this case, Rey Augustine, Jr. has pled sufficient factual matters[1] within his complaint and has demonstrated a plausible entitlement to relief against Defendants Chicopee, Brodeur,

---

[1] The Defendants in their Motion to Dismiss appear to be placing a much higher burden on the Plaintiff which is not required under the Federal Rules. Notice pleading remains in the Federal

Dumais, Brunell, McQuaid, Lambert, Henry, Jebb and Does 1-10. Therefore, the Defendants' motion to dismiss should be denied.

## II.   CIVIL CONSPIRACY TO VIOLATE § 1983 – COUNT II

Mr. Augustine's complaint alleges that Defendants Brodeur, Dumais, McQuaid, Brunell, Lambert, Henry, Jebb, and Does 1-10 were engaged in a conspiracy to deprive him of his civil rights in violation of 42 U.S.C. §1983. Mr. Augustine has adequately alleged "a combination of two or more persons acting in concert to commit an unlawful act, or to commit an unlawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." *Estate of Bennett v. Wainwright*, 548 F.3d 155, 178 (1st Cir. 2008).

Defendants Brodeur, Dumais, McQuaid, and Brunell were all present during the arrest procedure and acted in concert. At that time, Defendant Jebb was responsible for ensuring that Brodeur, Dumais, McQuaid, and Brunell were properly supervised and trained to interact with members of the public, without violating their rights under the constitutions of the United States and the Commonwealth of Massachusetts. Further, Defendant Jebb was responsible for preventing and eliminating all policies and practices that encouraged or allowed Brodeur, Dumais, McQuaid, and Brunell to violate the constitutional rights of Mr. Augustine and the members of the public with whom they interact.

Defendants were well aware of the serious deprivation of rights which occurred. After the severe beating of the Plaintiff, arrests reports were formulated by Defendants which distorted

---

Court which "only requires a short and plain statement of the claim." See Fed.R.Civ.P. 8(a), also quoting from *Chao v. Ballista*, 630 F.Supp.2d 170, 177–78 (D.Mass. 2009).

facts and lied about events. Based on these reports, false charges were created and brought against the Plaintiff to assist in the cover up. Defendants only approved of the charges in furtherance of the conspiracy as the charges lacked merit. Defendants had a duty to come forward with information about what took place during the arrest, but instead attempted further to cover-up the civil rights violations which had taken place, in furtherance of their conspiracy.

Taking the complaint as a whole and looking at the complete picture of what occurred on November 16, 2017, there is a plausibility that Mr. Augustine is entitled to relief at this stage of the proceedings against the Defendants. Plausibility, as the Supreme Court's recent elaboration in Ashcroft makes clear, is highly contextual enterprise-dependent on the particular claims asserted, their elements, and the overall factual picture alleged in the complaint. The Court's "assessment of the pleadings is context-specific, requiring the reviewing court to draw on judicial experience and common sense." *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009).

The complaint states a claim upon which relief can be granted and the Defendants' motion to dismiss should be denied.

### III.   CLAIMS AGAINST DEFENDANT POLICE CHIEF JEBB – VIOLATIONS OF 42 U.S.C., SECTION 1983 – COUNTS I, III, AND VI

Rey Augustine, Jr. has pled sufficient facts for violations of § 1983 by Defendant Jebb within his complaint and the Defendants' motion to dismiss should be denied. "[S]upervisory officials may be liable on the basis of their own acts or omissions." *Sanchez v. Pereirra-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009). Supervisory liability arises "'if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation." *Id.* (quoting

*Camillo-Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir. 1999)). "A supervisor need not have actual knowledge of the offending conduct to be liable if he or she formulates a policy or engages in a custom that leads to the challenged occurrence." *Brenes-Laroche v. Toledo Davila*, 682 F.Supp.2d 179 (2010) (citing *Colon–Andino v. Toledo–Davila*, 634 F.Supp.2d 220, 231 (D.P.R.2009); *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 582 (1st Cir. 1994)). "A supervisor may be liable for the foreseeable consequences of the subordinate's offending conduct if he or she would have known of it but for his deliberate indifference or willful blindness, and if he or she has the power and authority to alleviate it." *Id.* (citing *Toledo–Davila*, 634 F.Supp.2d at 231; *Maldonado v. Fontanes,* 568 F.3d 263, 275 (1st Cir. 2009) (noting that supervisory liability for deliberate indifference will be found only if it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights)).

A policy of deliberate indifference arises where a municipality fails to train or supervise subordinates. *See Kennedy v. Town of Billerica*, 617 F.3d 520, 531–32 (1st Cir. 2010) (finding that Town's failure to supervise or discipline police officer who falsely arrested the plaintiff amounted to deliberate indifference). A simple plain statement that indicates that policies of deliberate indifference are a custom of the municipality is sufficient identification. *See Luthy v. Proulx*, 464 F.Supp.2d 69, 74 (D.Mass. 2006) (denying motion to dismiss where plaintiff alleged specific custom or policy in complaint). In *Sanchez*, the court dismissed the complaint against the defendant. 590 F.3d at 49.

However, in *Sanchez*, the complaint in issue merely alleged "that the administrative defendants were 'responsible for ensuring that the correctional officers under their command followed practices and procedures [that] would respect the rights and ensure the bodily integrity of Plaintiff and that they failed to do [so] with deliberate indifference and/or reckless disregard

of Plaintiff's federally protected rights.'" *Id.* Conversely, Mr. Augustine's complaint alleges more than Defendant Jebb being the police chief who was responsible for ensuring all officers were properly trained and also responsible for eliminating all policies which encourage officers to violate constitutional rights. Instead, it specifies multiple policies or customs of deliberate indifference. First, based on the failure to properly train its officers. Second, intentionally allowing a policy and custom to restrain arrestees which results in violations under the Fourth and Fourteenth Amendments. These customs and policies resulted in the deprivation of Mr. Augustine constitutional rights. The complaint makes clear that at this stage, prior to any discovery, Mr. Augustine has adequately notified each defendant of what he is alleged to have done or failed to do. The allegations may be made more specific upon receipt of discovery, so that, for example, the identities of the officers and the numbers of prior complaints for brutality can be identified.

      The description of the parties and factual allegations in the complaint show that the supervisory officers acts and omissions were affirmatively linked to their subordinates' unconstitutional behavior such that they could be characterized as either encouragement, condonation, acquiescence, or gross negligence amounting to deliberate indifference. Accordingly, Mr. Augustine has set forth a factual scenario in which each individual defendant personally participated in the deprivation of rights, or at the very least, formulated a policy or engaged in a custom that led to a deprivation that was foreseeable and that each had power and authority to alleviate.

      The complaint states a claim upon which relief can be granted and the Defendants' motion should be denied.

### IV.  CLAIMS AGAINST DEFENDANT CITY OF CHICOPEE – VIOLATIONS OF 42 U.S.C., SECTION 1983 – COUNTS IV AND V

Rey Augustine, Jr. has pled sufficient facts for violations of § 1983 by Defendant City of Chicopee within his complaint and the Defendants' motion to dismiss should be denied. As the Supreme Court explained in *Connick*, "§ 1983 liability premised on a municipality's custom or policy depends on showing either that the policy itself was constitutionally infirm or, . . . that the municipality was deliberately indifferent to the likelihood of constitutional violations resulting from the custom or policy." *Penate v. Kaczmarek*, No. CV 3:17-30119-KAR, 2018 WL 4654708, at *16 (D. Mass. Sept. 27, 2018) (citing *Connick v. Thompson*, 563 U.S. 51, 71 (2011)). "The touchstone is predictability." *Id.* (citing *Connick*, 563 U.S. at 71). Thus, "a plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, 'through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.'" *Haley v. City of Boston*, 657 F.3d 39, 51 (1st Cir. 2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To do so, "such a plaintiff must 'identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.'" *Id.* (quoting *Brown*, 520 U.S. at 403; *Monell*, 436 U.S. at 694).

In *Haley*, the city "vigorously dispute[d]" the existence of an unconstitutional policy or of deliberate indifference to the need for training. *See Haley*, 657 F.3d at 52. However, the First Circuit reversed the dismissal of § 1983 claims against the city and rejected their arguments that plaintiff could not prove what he had alleged in the complaint. The First Circuit held that the issue at that stage in the litigation was whether the complaint painted a "plausible picture." *Id.* Here, when taken as true, the complaint plausibly states a claim for relief under *Monell* against Defendants City of Chicopee and Jebb. The complaint sufficiently identifies the policy and custom to restrain arrestees adopted by the City of Chicopee which result in violations of the

Fourth and Fourteenth Amendments. Further, Mr. Augustine sufficiently pled that Defendants City of Chicopee and Jebb failed to train and supervise its officers which resulted in additional violations of his rights under the Constitution. Accepting the allegations in the complaint as true, it cannot be said that no reasonable fact finder could conclude that the alleged violations of Mr. Augustine constitutional rights was an unpredictable result.

The complaint states a claim upon which relief can be granted and the Defendants' motion should be denied.

### V. CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY

Defendants argue that all of the official claims against defendants should be dismissed. Specifically, they argue that the official capacity claims should be dismissed as redundant since they are actually claims against the City of Chicopee itself. Additionally, Defendants argue that the *Monell* claims against the City of Chicopee and Chief Jebb should be dismissed. Specifically, they argue that the plaintiff alleged no specific facts that would support a plausible inference that the alleged excessive force employed by the defendant officers was the product of or in accordance with an official policy or custom of the City of Chicopee or Chief Jebb, or resulted from their deliberate indifference.

Essentially, Defendants are trying to have their cake and eat it too. In other words, Defendants are trying to have it both ways. First, Defendants ask this Court to dismiss the official capacity claims as duplicative based on the plaintiff's claims for relief against the City of Chicopee. Defendants argue that any relief against them in their official capacity is the same relief plaintiff would be entitled to against the City of Chicopee. Then, in an about face, Defendants ask this Court to dismiss the claim against the City of Chicopee as insufficient to

state a plausible claim of relief. Thus, Defendants ask this court to both find that there is a claim for relief against the City of Chicopee, and to find there is not a claim for relief against the City of Chicopee. This seemingly absurd contradiction is without merit and cannot stand.

## VI.   CONCLUSION

Plaintiff Rey Augustine, Jr. has pled sufficient facts within his complaint to support the claims against Defendants. The complaint contains sufficient factual matter, when accepted as true, states claims for relief that are plausible on their face and entitles the plaintiff to seek relief.

WHEREFORE, for the reasons discussed, plaintiff Rey Augustine, Jr. respectfully requests that the Defendants' motion to dismiss be denied.

Respectfully submitted,
REY AUGUSTINE, JR.
By his attorney,

/s/ James R. Goodhines
JAMES R. GOODHINES, ESQ.
Goodhines Law Offices
175 State Street, Suite 400
Springfield, MA 01103
(413) 737-0101 (office)
(413) 731-7935 (fax)
BBO# 629578

Date: May 21, 2021

## CERTIFICATE OF SERVICE

I, hereby certify that the foregoing Plaintiff's Motion in Opposition to Defendants, City of Chicopee, William Jebb, Timothy Brodeur, Mickey Dumais, and Frank McQuaid's Motion to Dismiss, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on May 21, 2021

/s/ James R. Goodhines
James R. Goodhines