# Exhibit 1

**From:** ECFnotice@mad.uscourts.gov
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 3:20-cv-30177-MGM Augustine v. Chicopee, City of Order on Motion to Dismiss for Failure to State a Claim
**Date:** Friday, September 3, 2021 12:58:15 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**United States District Court**

**District of Massachusetts**

## Notice of Electronic Filing

The following transaction was entered on 9/3/2021 at 12:56 PM EDT and filed on 9/3/2021

**Case Name:** Augustine v. Chicopee, City of
**Case Number:** 3:20-cv-30177-MGM
**Filer:**
**Document Number:** 18(No document attached)

**Docket Text:**
**Judge Mark G. Mastroianni: ELECTRONIC ORDER entered GRANTING [7] Partial Motion to Dismiss by Defendants City of Chicopee, Chief Jebb, and Officers Brodeur, Dumais, and McQuaid. Defendants' motion does not address Plaintiff's individual-capacity claims against the Defendant officers for violation of his Fourth, Eighth, and Fourteenth Amendment rights or his pendant state law claims, all of which survive. Defendants move to dismiss Plaintiff's civil rights conspiracy claim, his official-capacity claims against the Defendant officers, all claims against the Defendant chief, and his Monell claims. For the reasons below, Defendants' Partial Motion to Dismiss is granted.**

**Plaintiff alleges violations of his civil rights arising out of his alleged beating and arrest on November 16, 2017 while he was walking home from a Chicopee restaurant. (Dkt. No. 1, Complaint ("Compl.").) Plaintiff alleges that he was attacked by two restaurant patrons, and Defendant officers Brodeur, Dumais, Brunell, and McQuaid responded to the restaurant's call about the incident. (*Id.* at 15-19.) Defendant officers, without provocation, allegedly used an arm-bar takedown method on Plaintiff. (*Id.* at 27-29.) Defendants then handcuffed Plaintiff, dragged him to a cruiser, slammed him against it, and shoved him to the ground, causing Plaintiff to fracture his skull and suffer other serious injuries. (*Id.* at 35-40.)**

**Plaintiff does not allege sufficient facts to state a claim for a civil rights conspiracy. "[C]omplaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts." *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977). Plaintiff alleges that Defendants conspired to cover up the beating when they "distorted facts, lied about the events that took place, and created charges against Plaintiff." (Compl. at 54.) Plaintiff does not allege any details such as what Defendants allegedly lied about, when and where Defendants lied (e.g., whether they allegedly lied during a grand jury proceeding or by fabricating police reports), or the disposition of his criminal charges. Even were the court to treat Plaintiff's conclusory statements as facts, Plaintiff's conspiracy claim fails because he does not allege how "the cover-up prevented him from seeking redress in court against the... wrongdoers or somehow rendered his relief against them ineffective." *See Cumby v. Am. Med. Response, Inc.*, 2019 WL 9244983, at *5 (D. Mass. Oct. 31, 2019) (requiring such allegations to show that the cover-up rose to the level of a constitutional violation). Likewise, Plaintiff does not allege adequate facts to support his individual-capacity claims against Defendant Police Chief Jebb for "deliberate indifference" and "failure to train." (*Id.* at 58, 73.) "[A] supervisory official may be held liable under § 1983 as a secondary violator for the behavior of his subordinates only if: (1) the behavior of his subordinates results in a constitutional violation, and (2) the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." *Estate of Bennett v. Wainwright*, 548 F.3d 155, 176-77 (1st Cir 2008) (internal modifications omitted). Plaintiff's only support is his allegation that Defendant Jebb "had actual knowledge that [the officer Defendants] physically beat Plaintiff." (Compl. at 60.) Defendant Jebb's alleged post hoc knowledge is not enough to "affirmatively link[]" his behavior to that of the Defendant officers. *See Wainwright*, 548 F.3d at 176-77.**

**Plaintiff's official-capacity claims against Defendants Dumais, Brodeur, McQuaid, and Jebb are considered Monell claims against the City of Chicopee. *See Opalenik v. LaBrie*, 945 F. Supp. 2d 168, 180 (D. Mass. 2013) ("Official capacity claims, of course, are actually claims against the entity itself."). To support his Monell claims for failure to train/deliberate indifference, Plaintiff alleges (1) that "[t]he acts of [the Defendant officers] were so flagrant and widespread prior to the events with [Plaintiff], the municipality had actual knowledge of their illegal practices" and ignored them, and (2) the City "allowed a policy and custom to restrain arrestees" that violated Plaintiff's rights. (Compl. at 1, 64.) Plaintiff does not explain what "flagrant and widespread" behavior he refers to; what the "policy or custom to restrain arrestees" was and which officer Defendants implemented it, or how and when the City was put on notice. Such conclusory allegations are not enough to state a legal entitlement to relief. *See Bd. of Cty. Com'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (plaintiff must "show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action" and his constitutional deprivation).**

**For the foregoing reasons, Defendants' Partial Motion to Dismiss is GRANTED. The clerk of court is respectfully ordered to set a scheduling conference. (Zamorski, Michael)**

**3:20-cv-30177-MGM Notice has been electronically mailed to:**

Mark J. Albano mark@albanolawllc.com

James Richard Goodhines jgoodhines@hotmail.com

Andrew J. Gambaccini agambaccini@rja-law.com, dcormier@rja-law.com

**3:20-cv-30177-MGM Notice will not be electronically mailed to:**